IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Glenn Ford, #04010-000,  ) | C/A No.: 1:16-1534-RMG-SVH |
| ) | |
| Petitioner,  ) | |
| ) | |
| vs.  ) | REPORT AND RECOMMENDATION |
| ) | |
| Warden, FCI Edgefield,  ) | |
| ) | |
| Respondent.  ) | |
| ) | |

Glenn Ford ("Petitioner"), proceeding pro se, filed this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges the 2001 decision of the United States Parole Commission ("USPC") to rescind his parole. Petitioner is a prisoner housed at the Federal Correctional Institution in Edgefield, South Carolina.

This matter comes before the court on Respondent's motion to dismiss, or in the alternative, for summary judgment.[1] [ECF No. 10]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the undersigned advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion by August 8, 2016. [ECF No. 11]. Petitioner failed to file a response. The undersigned issued an order on August 11, 2016, directing Petitioner to advise the court whether he wished to continue with this case and to file a response to Respondent's motion by August 25, 2016. [ECF No. 13]. Notwithstanding the court's orders, Petitioner failed to file a response to Respondent's motion. On August 26, 2016,

---

[1] Because the court has considered matters outside of the pleadings, the undersigned considers the motion as one for summary judgment. The *Roseboro* order issued to Plaintiff contained an explanation of the summary judgment procedures.

the undersigned issued a report and recommendation ("Report and Recommendation") recommending the petition be dismissed with prejudice for failure to prosecute. [ECF No. 15]. Petitioner filed an objection to the Report and Recommendation on September 19, 2016, stating he did not receive any legal mail from the court other than the Report and Recommendation. [ECF No. 18]. On September 22, 2016, the court entered an order declining to adopt the Report and Recommendation, directing the clerk of court to send Respondent's motion for summary judgment to Petitioner, and directing Petitioner to file a response to Respondent's motion by October 26, 2016. [ECF No. 19]. Petitioner failed to file a response. The undersigned issued an order on November 21, 2016, directing Petitioner to advise the court whether he wished to continue with this case and to file a response to Respondent's motion by December 5, 2016. [ECF No. 22]. Petitioner failed to file a response. As such, it appears to the court that Petitioner does not oppose Respondent's motion for summary judgment and wishes to abandon this action. Based on the foregoing, the undersigned recommends this action be dismissed with prejudice for failure to prosecute. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

Independently, after having carefully considered the parties' submissions and the record in this case, the undersigned recommends Respondent's motion for summary judgment [ECF No. 10] be granted on the merits.

I.      Factual and Procedural Background

Petitioner states he was sentenced on November 19, 1987, in the District of Columbia to 39 years imprisonment for armed robbery. [ECF No. 1 at 1, 10].[2] Petitioner claims he was granted parole effective June 22, 1999, however his "parole was retarded by 51 days allowing for the Petitioner's release to Hope Village half-way house." *Id.* at 10. On August 13, 1999, Petitioner was transferred from Maximum Security Facility, Lorton, Virginia, to Hope Village. [Final Progress Report (Escape), In re: Glenn Ford, August 26, 1999, ECF No. 1-1 at 1].[3] On August 15, 1999, Petitioner requested to speak with Charge of Quarters, Samuel Essema ("Essema"), in Essema's office. *Id.* at 2. When Essema agreed, Petitioner "produced a hand gun from a plastic bag and pointed it in Mr. Essma's direction." *Id.* Petitioner asked if he could leave Hope Village, and when Essema told Petitioner he needed to call a supervisor, Petitioner left Essema's office and "fled Hope Village grounds." *Id.* Petitioner states the District of Columbia Department of Corrections suspended his parole on August 31, 1999, pending further determination by the USPC. [ECF No. 1 at 10]. Petitioner alleges a Notice of Action was filed on September 28, 1999, based on the alleged escape and use of firearm against staff. *Id.* Petitioner states he was arrested on November 12, 1999. *Id.*  Petitioner had a parole

---

[2] On August 5, 1998, the Parole Commission assumed jurisdiction over District of Columbia code offenders through the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No. 105-33, § 11231(a)(1), 111 Stat. 712, 745, D.C. Code § 24-131(a)("Revitalization Act"). The Revitalization Act gave the USPC exclusive jurisdiction over all District of Columbia felony prisoners. *See Franklin v. District of Columbia*, 163 F.3d 625, 632 (D.C. Cir. 1998).

[3] *See also* ECF No. 10-8, D.C. Department of Corrections, Official Report of Extraordinary Occurrence, August 15, 1999, Glenn Ford.

recession hearing on September 12, 2001. [Recession Hearing Summary, Glenn Ford, September 12, 2001, ECF No. 10-16]. Petitioner testified at his hearing, admitting having escaped from Hope Village, but denying having used a firearm. *Id.* at 1. In finding Petitioner should be found guilty of the escape and firearm charge, the hearing examiner considered Petitioner's testimony and determined the report from Hope Village concerning Petitioner's escape was "more believable than [Petitioner's] story." *Id.* The examiner recommended Petitioner's parole be rescinded. *Id.* at 3. On October 12, 2001, the USPC rescinded Petitioner's parole and continued his mandatory release date "to expiration." [ECF No. 10-17].

Petitioner states he "was convicted for the conduct of the escape and the use of a firearm against a staff member by a memo." [ECF No. 1 at 12]. Petitioner alleges he was denied the right to cross-examine any witness concerning the allegation as to the use of the firearm. *Id.* Petitioner further claims the alleged victim, Essema, did not author or sign the memo, nor did Essema provide a first-hand report to the parole board. *Id.* at 13. Petitioner cites to a September 26, 2000 investigator memo that summarizes an interview with Essema. *Id. at* 14. Petitioner contends the interview was conducted "some 13 months after the alleged incident" and shows Essema "did not remember any specific events" from the day Petitioner left the halfway house. *Id.* at 14–15. Petitioner states he was "unaware of the interview of Essema, until recently when during a conversation with his appointed counsel he asked for assistance was he provided with the report." *Id*. at 14.

4

Petitioner argues he

> received a 5 year prison sentence[4] based on no evidence, no testimony, and not only hearsay statements but a piece of paper that is by an unknown author, unsigned, allegedly representing another person, discussing facts from someone who does not remember a firearm contemporaneous to the alleged event.

*Id.* at 16–17. Petitioner seeks immediate release. *Id.* at 17.

This is the fifth 28 U.S.C. § 2241 petition filed by Petitioner challenging the 2001 recession of his parole based on the August 15, 1999 escape infraction. Petitioner filed his first petition on May 15, 2002, in the Eastern District of North Carolina. *Ford v. Scott*, No. 5:02-HC-326-H (E.D.N.C. July 8, 2003) ("Ford I").[5] In *Ford I,* Petitioner challenged the USPC's decision to rescind his parole following his escape, arguing the USPC improperly applied federal parole guidelines. *Id.*, ECF No. 16. The *Ford I* court found Petitioner's arguments to be without merit and the petition was dismissed with prejudice. *Id.*

Petitioner filed a second petition on October 24, 2003, in the Eastern District of North Carolina. *Ford v. Scott*, No. 5:03-HC-792-H at *4 (E.D.N.C. Sept. 2, 2004) ("*Ford II*"). In *Ford II*, Petitioner again challenged the USPC's decision to rescind his parole following his escape. *Id.*, ECF No. 14. Petitioner argued, in part, that (a) there was "not a rational basis in the record" to support the USPC's finding that he assaulted a correctional

---

[4] Petitioner's charge of assault on a staff member with a firearm had a recession guideline range of 52–64 months. [ECF No. 10-16 at 2].

[5] The court takes judicial notice of Petitioner's prior cases. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("The most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.") (citation omitted).

5

employee, and (b) his due process rights were violated when he was not allowed to confront the person accusing him of assault. *Id.* The *Ford II* court dismissed Petitioner's claims with prejudice finding Petitioner was not entitled to due process protections because Petitioner's parole was not revoked, but rescinded. *Id.* The court explained Petitioner was only entitled to limited procedural safeguards, which Petitioner received by having a full and fair recession hearing, where Petitioner testified and the hearing officer weighed Petitioner's testimony against the available reports that detailed the halfway house employee's statement concerning Petitioner's escape. *Id.*

Petitioner filed a third petition on October 31, 2005, in the Eastern District of Kentucky. *Ford v. Sammuels*, No. 6:05- CV-604-KKC (E.D. Ky. Dec. 15, 2005) ("*Ford III*"). The court dismissed *Ford III* without prejudice finding Petitioner had failed to exhaust his administrative remedies. *Id.*, ECF No. 4.

Petitioner filed a fourth petition in the Eastern District of Kentucky on January 13, 2006. *Ford v. Grondolsky*, No. 6:06-CV-10-DCR (E.D. Ky. Dec. 20, 2006) ("*Ford IV*"). In *Ford IV*, Petitioner again addressed the USPC's decision to rescind his parole following his escape and argued, in part, that (a) there was an absence of live witnesses at his hearing and (b) the USPC improperly relied on hearsay evidence and an unsigned final progress report to rescind his parole. *Id.*, ECF No. 5 at 5–6. In dismissing Petitioner's case with prejudice, the court found the USPC's findings, including its reliance on the unsigned final progress report, were "insulated from judicial review." *Id.*,

6

ECF No. 5 at 6. The court further found the USPC's reliance on hearsay would not necessarily amount to a due process violation, finding that:

> [T]he use of reports from probation officers is routinely accepted and provides no basis for objection. . . . Further, even where the conduct of the parole revocation runs afoul of the protections described in *Morrissey v. Brewer*, 408 U.S. 471 (1972), the Petitioner must both allege and demonstrate prejudice resulting therefrom . . . Ford has done neither here. As a result, his allegations regarding the quality of the evidence against him fails to state a claim and must be dismissed. *Id*. (citations omitted).

*Id.*

In the instant petition, Petitioner challenges the recession of his parole "based on the escape infraction that occurred on August 15, 1999." [ECF No. 1 at 10]. Petitioner argues the USPC improperly used an unsigned hearsay memo to convict him of the escape infraction. *Id.* at 10–13, 16.

II.     Discussion

    A.     Standard on Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents,

electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

B.   Analysis

Respondent contends the instant petition should be dismissed as a successive petition under 28 U.S.C. § 2244(a) or as an abuse of the writ under 28 U.S.C. § 2244(b)(2). [ECF No. 10 at 9]. Respondent alleges the claims raised in this petition—that the USPC violated Petitioner's due process rights when it relied on hearsay evidence

and an unsigned report in its decision to rescind Petitioner's parole—are virtually identical to the claims Petitioner asserted in *Ford II* and *Ford IV*. *Id.* at 9–11. Respondent argues the courts in *Ford II* and *Ford IV* considered the claims raised in the instant petition on the merits and explicitly declined to find a due process violation regarding Petitioner's parole recession hearing. *Id.* at 11.

Review of successive habeas petitions is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which became effective on April 24, 2006. The AEDPA provides that:

> No circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a Court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a). Applicable case law holds that § 2244(a) bars successive petitions under § 2241 directed to the same issue. *Gates v. Stansberry*, No. 07-1212, 2008 WL 2165998, at * 3–4 (E.D. Va. May 23, 2008); *see also Chambers v. United States*, 106 F.3d 472, 475 (2nd Cir. 1997); *Simon v. United States*, 359 F.3d 139, 143, n.7 (2nd Cir. 2004); *Jackson v. Morris*, 8 F. App'x 890, 892 (10th Cir. 2001) (holding habeas petition raising issues that were expressly rejected on a prior petition was successive and those issues would not be considered, even though petitioner styled his arguments to raise different aspects of the issues).

Although Petitioner asserts some additional arguments in his present petition, he is still asserting the same underlying claim: that the USPC erred in rescinding his parole

9

based on hearsay testimony and an unsigned final progress report. Because the habeas claims raised in the instant petition were raised and adjudicated on the merits by the courts in *Ford II* and *Ford IV*, this petition is a successive petition for writ of habeas corpus barred by § 2244(a) and should be dismissed. *Cf.*, *Peagler v. Yancey*, No. 05-2921, 2006 WL 2434037 (D.S.C. Aug. 21, 2006); *Ray v. Simon*, No. 07-1143, 2008 WL 5412067 (D.S.C. Dec. 24, 2008); *see also Singletary v. Dewalt*, No. 04-623, 2005 WL 1162940 (E.D. Va. 2005).

Any additional claims made by Petitioner concerning the September 26, 2000 memo and Essema's statement that he did not recall Petitioner having used a firearm, should be dismissed as an abuse of the writ. Although Petitioner claims he only recently obtained the September 26, 2000 memo, he has not offered any evidence to establish that this information was not available at the time he filed his other petitions. *McCleskey v. Zant*, 499 U.S. 467, 489 (1991) (holding that prisoners can abuse the writ of habeas corpus by raising claims in a subsequent petition that they could have raised in the first); *Sanders v. United States*, 373 U.S. 1, 18 (1963) ("Nothing in the traditions of habeas corpus requires the federal courts to tolerate needless piecemeal litigation . . . ").

Petitioner fails to show cause and prejudice to excuse his failure to raise this claim in his other petitions, accordingly, the undersigned will not consider this new claim. *See Schulp v. Delo*, 513 U.S. 298, 320 (1995) (finding a habeas court need not reach the merits of successive or abusive claims absent a showing of cause and prejudice); *Noble v. Barnett*, 24 F.3d 582, 585–88 (4th Cir. 1994). Petitioner's new claim does not rely on a

new rule of constitutional law, nor does it present a new factual predicate for his claims. Further, the undersigned has reviewed the record before the court and cannot determine that the September 26, 2000 memo and the evidence of a staff member's lack of memory would have impacted the Commission's 2001 decision to rescind Petitioner's parole.

III.   Conclusion

For the foregoing reasons, the undersigned recommends that Respondent's motion for summary judgment [ECF No. 10] be granted and the petition for writ of habeas corpus be denied and dismissed with prejudice.

IT IS SO RECOMMENDED.

February 7, 2017                                              Shiva V. Hodges
Columbia, South Carolina                                      United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).